FILED

FEB 1 4 2000


CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| HIGHLANDER GOLF, INC., And SUN MOUNTAIN SPORTS, INC. | * * * * | CIV. 00- 4024 |
| Plaintiffs, | * * | NOTICE OF REMOVAL |
| vs. | * * | |
| WAL-MART STORES, INC., d/b/a SAM'S CLUB, | * * * | |
| Defendant. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

TO: THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT, MINNEHAHA COUNTY, AND PLAINTIFFS HIGHLANDER GOLF, INC. AND SUN MOUNTAIN SPORTS, INC., AND THEIR ATTORNEYS LEE A. MAGNUSON AND R. ALAN PETERSON:

Defendant Wal-Mart Stores, Inc. d/b/a Sam's Club, pursuant to 28 U.S.C. § 1446, gives Notice of Removal of the above-entitled action from Circuit Court, State of South Dakota, County of Minnehaha, Second Judicial Circuit, to the United States District Court, District of South Dakota, Southern Division. Defendant states the following in support of this Notice of Removal:

1. On January 13, 2000, this action was commenced against Defendant Wal-Mart Stores, Inc. d/b/a Sam's Club by service of a Summons and Complaint on Wal-Mart Stores, Inc.'s registered agent Corporation Services Company. The Summons and Complaint, attached hereto as Exhibits 1 and 2, and the Interrogatories and Requests for Production of Documents

(attached hereto as Exhibit 3) constitute the only process, pleadings, and orders served upon Defendant in this matter.

2.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the Plaintiff Highlander is incorporated in South Dakota, with its principal place of business in Sioux Falls, South Dakota. Plaintiff Sun Mountain Sports, Inc. is incorporated in Montana, with it principal place of business in Missoula, Montana. Defendant Wal-Mart Stores, Inc. is incorporated in Arkansas, with its principal place of business in Bentonville, Arkansas. In addition, Plaintiffs' complaint seeks compensatory damages of $303,231.00, in excess of the $75,000 amount in controversy required by 28 USC § 1332. Removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1441(a).

3.  Written notice of the filing of this Notice of Removal is being served by mail this date on Plaintiffs' counsel of record, pursuant to 28 U.S.C. § 1446(d).

4.  A true and correct copy of this Notice of Removal is being mailed this date to the Minnehaha County Clerk of Courts, Second Judicial Circuit, State of South Dakota, for filing, pursuant to 28 U.S.C. § 1446(d).

5.  This Notice of Removal is being filed within thirty (30) days of the receipt of the Summons and Complaint in accordance with 28 U.S.C. § 1446(b).

6.  Defendant desires to remove this action from the Second Judicial Circuit, Minnehaha County, South Dakota, and that all further matters herein proceed in the United States District Court for the District of South Dakota, Southern Division.

WHEREFORE, Defendant prays that the action now pending in the Second Judicial Circuit, Minnehaha County, State of South Dakota, be removed therefrom to the United States District Court, District of South Dakota, Southern Division.

Dated at Sioux Falls, South Dakota, this \_\_\_\_ day of February, 2000.

>DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.
>
>_____
>Cheryle Wiedmeier Gering
>513 South Main Avenue
>P. O. Box 1030
>Sioux Falls, SD 57101-1030
>Telephone (605)336-2880
>Fax No.: (605)335-3639
>Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that a true and correct copy of the foregoing "Notice of Removal" was served by mail upon:

>Lee A. Magnuson
>R. Alan Peterson
>Lynn, Jackson, Shultz & Lebrun, P.C.
>141 North Main Avenue, 8th Floor
>PO Box 1920
>Sioux Falls, SD  57101-3020
>(605) 332-5999 (voice)
>(605) 332-4249 (fax)
>Attorneys for Plaintiff

on this \_\_\_\_ day of February, 2000.

_____

| | |
|---|---|
| STATE OF SOUTH DAKOTA)<br>:SS<br>COUNTY OF MINNEHAHA) | IN CIRCUIT COURT<br><br>SECOND JUDICIAL CIRCUIT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HIGHLANDER GOLF, INC.,<br>and SUN MOUNTAIN SPORTS,<br>INC., | \*<br>\* | CIV 00-__00 125__ |
| Plaintiffs, | \* | |
| v. | \* | SUMMONS |
| WAL-MART STORES, INC.,<br>d/b/a SAM'S CLUB, | \*<br>\* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to serve upon Lee A. Magnuson, attorney for the Plaintiff herein, at his address at Lynn, Jackson, Shultz & Lebrun, P.C., 141 North Main Avenue, 8th Floor, P.O. Box 1920, Sioux Falls, South Dakota 57101-3020, an Answer to the Complaint which is herewith served upon you within thirty (30) days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this 12th day of January, 2000.

LYNN JACKSON, SHULTZ & LEBRUN, P.C.

Lee A. Magnuson
R. Alan Peterson
Attorneys for Plaintiffs
141 North Main Avenue - 8th Floor
P.O. Box 1920
Sioux Falls SD 57101-3020
(605) 332-5999

FILED
JAN 13 2000
Minnehaha County, S.D.
Clerk Circuit Court

EXHIBIT 1

STATE OF SOUTH DAKOTA)   IN CIRCUIT COURT
:SS
COUNTY OF MINNEHAHA)   SECOND JUDICIAL CIRCUIT

* * * * * * * * * * * * * * * * *

HIGHLANDER GOLF, INC.,   \*   CIV 00-125
and SUN MOUNTAIN SPORTS,
INC.,   \*

   Plaintiffs,   \*

v.   \*   COMPLAINT

WAL-MART STORES, INC.,   \*
d/b/a SAM'S CLUB,
   \*
   Defendant.
   \*

* * * * * * * * * * * * * * * * *

  Plaintiff Highlander Golf, Inc. and Sun Mountain Sports, Inc., for their cause of action against the Defendant herein, states and alleges as follows:

## JURISDICTIONAL STATEMENT

  1. Plaintiff Highlander Golf, Inc. (hereafter "Highlander") is a South Dakota corporation with its principal place of business located in the City of Sioux Falls, County of Minnehaha, State of South Dakota. Plaintiff Sun Mountain Sports, Inc. is a Montana corporation with its principal place of business located in the City of Missoula, State of Montana. Sun Mountain Sports, Inc. previously did business in the State of South Dakota under the tradename of Highlander Golf, a division of Sun Mountain Sports, Inc. (Highlander Golf, a division of Sun Mountain Sports, Inc. shall hereafter be referred to as "Sun Mountain").

EXHIBIT 2

2. Defendant is a corporation registered and incorporated under the laws of the State of Arkansas, with its principal place of business located in the City of Bentonville, State of Arkansas, and is authorized to do and does business in the State of South Dakota, including under the name "SAM'S Club".

3. This Court has jurisdiction over this matter and venue is proper in the State of South Dakota.

## FACTS

4. Highlander is engaged in the sale of golf-related equipment. In September of 1999, Highlander purchased certain assets from Sun Mountain, including the right to pursue the account receivable due by Defendant to Sun Mountain. Sun Mountain was a vendor who provided merchandise to the Defendant for resale in Defendant's SAM'S Club outlets.

5. In early 1998, Sun Mountain received purchase orders from the Defendant for the sale to Defendant of 57,984 golf bag dual strap systems (hereinafter "Dual Strap Sales") at a contract price of $14.95 per item, for a total of $866,860.80.

6. Sun Mountain timely delivered the merchandise to Defendant in the spring of 1998.

7. Defendant paid the contract price to Sun Mountain within approximately forty-five to sixty days of delivery.

2

8. In the fall of 1998, Defendant ordered and received certain additional merchandise from Sun Mountain. In November of 1998, Defendant issued a payment to Sun Mountain for the merchandise delivered in the fall of 1998, against which Defendant took a mark down or set off of $303,231.00 against its previous payment to Sun Mountain for the Dual Strap Sales.

9. Sun Mountain had not consented and did not consent to the mark down or set off in the manner taken by Defendant.

10. Highlander and Sun Mountain performed all of the stipulations, conditions and agreements required under the terms of the contract for the Dual Strap Sales.

11. Defendant has failed and refused, and still fails and refuses, to perform its part of the contract, namely, to pay the balanced owed for the goods purchased by Defendant.

## COUNT ONE
## BREACH OF CONTRACT

12. Plaintiffs reallege Paragraphs 1 through 11 and incorporate them herein by reference.

13. Defendant has breached its contract with the Plaintiffs by Defendant's failure to pay for the Dual Strap Sales for which Defendant contracted in 1998 and which were timely delivered to Defendant in the spring of 1998.

3

14. Defendant owes the Plaintiffs the sum of $303,231.00, plus interest, for the mark down it took in breach of Defendant's contract with Plaintiffs, together with an amount equal to such other damages suffered by Plaintiffs.

## COUNT TWO
## UNJUST ENRICHMENT

15. Plaintiffs reallege Paragraphs 1 through 14 and incorporate them herein by reference.

16. The reasonable and agreed upon value of the merchandise sold by Plaintiffs to Defendant was $14.95 per dual strap.

17. Defendant retained possession of the dual straps. Under the circumstances alleged herein, Defendant's conduct in taking a mark down of $303,231.00 against the reasonable and agreed upon value of the merchandise is unconscionable. Defendant would be unjustly enriched, and Plaintiffs would suffer corresponding damage, if Defendant is permitted to retain the mark down which it has taken against Plaintiffs.

## COUNT THREE
## FRAUD

18. Plaintiffs reallege Paragraphs 1 through 17 and incorporate them herein by reference.

19. In the fall of 1998, Defendant knew or reasonably should have known that it intended to take a mark down against Sun Mountain as described herein. Since at the time the Defendant did not owe any money to Sun Mountain against which a mark down or set

4

off could be taken, Defendant needed to create a debt to Sun Mountain against which it could later take a mark down or set off for the dual strap systems. Therefore, Defendant placed another order with Sun Mountain for additional goods in the approximate value of $440,000, against which it subsequently took the mark down or set off described herein.

20. At and subsequent to the time that Defendant took the mark down or set off against Sun Mountain, Defendant promised Plaintiffs that it would make additional purchases from Plaintiffs through which Plaintiffs would be able to recoup its losses from the mark down or set off.

21. At the time that Defendant made such promises to Plaintiffs, Defendant did so knowing, or should have known, that the contracts between Plaintiffs and Defendant constituted a large part of the Plaintiffs' business and that Plaintiffs heavily relied upon Defendant as a customer.

22. The actions of the Defendant as alleged herein in taking a mark down against the contract between the parties were calculated and undertaken by Defendant to defraud the Plaintiffs of Plaintiffs' rightful property, namely, the $303,231.00 due and paid to it under the contract for the sale of the merchandise described herein.

23. Defendant is the largest single retailer of consumer merchandise in the United States and, as such, is attempting to use its disproportionate size, wealth, purchasing power and market strength to intimidate, influence, coerce, and overwhelm Plaintiffs into accepting and acceding to the mark down as a cost of doing business with

5

Defendant, while at the same time, Defendant knows, or should know, that it is not justified or entitled to take the mark down against Plaintiffs. Defendant has further informed Plaintiffs that it does not intend to do any future business with Plaintiffs unless the Plaintiffs accepts and accedes to the mark down taken by Defendant unlawfully and without just cause or reason.

24. The actions and conduct of the Defendant as described herein were fraudulent and were willful, wanton, and without regard for the rights of the Plaintiffs, and thereby entitle the Plaintiffs to punitive damages in addition to damages suffered by Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

A. For the sum of $303,231.00, plus interest;

B. For an amount equal to such other damages suffered by Plaintiffs;

C. For punitive damages;

D. For Plaintiffs' costs, disbursements, and attorneys fees incurred herein; and

E. For such other and further relief as deemed appropriate by the Court.

Dated this 12th day of January, 2000.

6

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

_____
Lee A. Magnuson
R. Alan Peterson
Attorneys for Plaintiffs
141 North Main Avenue - 8th Floor
P.O. Box 1920
Sioux Falls SD 57101-3020
(605) 332-5999 (Voice)
(605) 332-4249 (Fax)

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues herein.

_____
Lee A. Magnuson
Attorney for Plaintiffs

7

STATE OF SOUTH DAKOTA)               IN CIRCUIT COURT
                     :SS
COUNTY OF MINNEHAHA)                 SECOND JUDICIAL CIRCUIT

* * * * * * * * * * * * * * * * * *

HIGHLANDER GOLF, INC.,          *    CIV 00-_____
and SUN MOUNTAIN SPORTS,
INC.,                           *
                                     PLAINTIFF'S FIRST SET
        Plaintiffs,             *    OF INTERROGATORIES
                                     AND REQUESTS FOR
v.                              *    PRODUCTION OF
                                     DOCUMENTS TO
WAL-MART STORES, INC.,          *    DEFENDANT
d/b/a SAM'S CLUB,
                                *
        Defendant.
                                *

* * * * * * * * * * * * * * * * * *

To Defendant Wal-Mart Stores, Inc d/b/a SAM'S Club., above named, and its attorney,:

You and each of you will please take notice and be advised:

That Plaintiffs above-named, by and through the undersigned attorney, pursuant to S.D.C.L. § 15-6-33 and § 15-6-34 of the South Dakota Rules of Civil Procedure, and any acts amendatory thereof, demands answers, under oath, to the following written interrogatories within forty-five (45) days of the service upon you of said interrogatories.

These Interrogatories shall be deemed to be continuing, and if information is discovered by or becomes known to you or your attorney or to anyone acting on your behalf, after answering the same and before trial, which would change or add to the answers given, and such additional or supplemental information is not timely furnished to the undersigned, then, and in that event, at the trial or during the course thereof, the undersigned will move the court for an order suppressing the testimony of undisclosed witnesses and the use of undisclosed evidence should you, or any of you, attempt to use the same.

1

EXHIBIT 3

DEFINITIONS:

In preparing your responses to the interrogatories set forth herein, the following definitions should control unless indicated otherwise by the context:

(a) "You" or "your" means you, predecessors-in-interest, if any, your agents, employees, your attorneys, investigators, and all other persons acting on your behalf, specifically including all insurance companies which are now or may have in the future an obligation to indemnify or defend you or who have or may have in the future subrogated or potential subrogated interest in this action.

(b) As used herein, the terms "document" or "writing" means the original and any copy, including draft copies or copies not identical to a final draft, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, written note, working paper, chart, paper, index, tape, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic material, and any other form of communication or other representation which would constitute a document or writing within the meaning of the South Dakota Rules of Evidence, however produced or reproduced, to which you have had access.

(c) As used herein, the term "person" includes a natural person, corporation association, partnership, sole proprietorship, or public entity.

(d) As used herein, the term "custodian" refers to the person having possession, custody, or control of any document, writing, or physical evidence.

(e) The terms "Identify" or "identification", when used with reference to an individual person, shall mean to state his full name, present position, business affiliation if known, residential address, and telephone number. The terms "identify" or "identification", when used with reference to a document or writing, shall mean to state the date and author or signor, as the case may be, the addressee, the type of document, its present or last known location or custodian, and all means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a motion for its production pursuant to Rule 34 of the South Dakota Rules of Civil Procedure. If any such document or writing was, but is no longer in your possession or subject to your control, state the disposition which was made of it and the reason for such disposition and the date thereof.

(f) As used herein, the term "communication" shall mean any transmission, statement, representation, instruction, or exchange of information, written or oral, formal or informal, regarding any event, action taken, document, or policy here inquired into.

2

(g) As used herein, the term "investigation" shall mean any inquiry of any kind, formal or informal, written or oral, considering the incidents, allegations, and damages alleged in Plaintiff's Complaint or Defendant's Answer conducted by any party, person, agency, company, firm, governmental body, adjustor, insurance company, private investigator, or expert, whether completed on your behalf or not.

## INTERROGATORIES

1. State the name, address and capacity of each person answering these Interrogatories as or on behalf of the Defendant.

2. Identify by name, address and relationship to Defendant every person who supplied information for or assisted in the preparation of Answers to these Interrogatories.

3. Identify by name, address, and relationship to Defendant each and every buyer or other employee, agent, or representative of the Defendant who was involved, participated, or who otherwise has knowledge of the negotiations, discussions, agreements, or transactions with the Plaintiffs as to:

   (a) the purchase of the golf bag dual strap systems at issue in this litigation, or

   (b) the markdown or offset taken by Defendant that is the subject of this litigation.

4. Set forth each and every reason, if any, upon which Defendant took a mark-down or offset for the golf bag dual strap systems at issue in this litigation, and identify in detail when and by whom those reasons, if any, were communicated to Plaintiffs.

5. Identify each and every contract, memoranda, correspondence, or other written document upon which Defendant alleges it had the right to take a mark-down or offset against the Plaintiffs for the golf bag dual-strap systems at issue in this litigation.

6. State whether Defendant alleges that Plaintiffs agreed or consented to the mark-down taken for the golf bag dual strap systems at issue in this litigation. If so, answer the following:

   a. Set forth the date and manner in which Plaintiffs agreed or consented to the mark-down or offset;

   b. Identify the individual who agreed to the mark-down or offset on behalf of the Plaintiffs;

3

   c. Set forth the reasons for which Plaintiffs were asked to accept the mark-down or offset;

   d. Identify each and every employee, agent or representative of the Defendant who has knowledge of the facts set forth in response to this Interrogatory.

   e. If Defendant claims that Plaintiffs orally agreed to the mark-down or offset, state who agreed to it on behalf of the Plaintiffs, when such agreement was made, the terms of the agreement, and the name, address, and relationship to the Defendant of all other persons who participated in the conversation or discussion in which such agreement was allegedly made.

7. Identify by name, address, and job-title of the most senior employee, agent or representative of the Defendant who authorized the mark-down or offset taken against Plaintiffs at issue in this litigation.

8. Set forth the Defendant's policy, if any, for taking mark-downs or offsets against vendors such as the Plaintiffs under similar factual situations or for the same reasons as the mark-down was taken against Plaintiffs in this litigation. As part of your response to this interrogatory, set forth the following:

   a. Whether Plaintiffs were informed of such policy;

   b. Who informed Plaintiffs of such policy;

   c. When Plaintiffs were informed of such policy;

   d. Whether such policy is in writing.

9. State whether Defendant took similar mark-downs or offsets against other vendors in the six (6) months prior to or subsequent to the date that Defendant took the mark-down or offset against Plaintiffs that is the subject of this litigation, and if so, answer the following:

   a. Identify by name, address, telephone number, and product sold each vendor against whom a mark-down or offset was taken;

   b. Identify the reason(s) for which the mark-down or offset was taken;

   c. State whether any such vendor complained or objected to the mark-down or offset, and if so, describe the resolution of the complaint or objection;

4

    d. State whether litigation has been filed against Defendant as a result of such mark-downs or offsets, and if so, identify each separate litigation by case title, jurisdiction, and file number.

11. Describe how the amount of the mark-down or offset taken against Plaintiffs was calculated, and identify each and every employee, agent, or representative of the Defendant who was responsible for the calculation and determination of the amount of the mark-down or offset.

12. To the extent not otherwise identified in your responses to these Interrogatories, identify by name, address, telephone number, employer, and relationship to Defendant, if any, each person having knowledge of any fact or issue related to this lawsuit.

13. Please state the name, address, employer, and occupation of each person whom you expect to call as an expert witness at trial and, as to each such person, please state:

    a. The subject matter on which the expert is expected to testify;

    b. The substance of the fact and opinions to which the expert is expected to testify;

    c. A summary of the grounds for each opinion;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce true and correct copies of all correspondence, purchase orders, invoices, e-mail or electronic messages, etc., regarding the sale by Plaintiffs to and purchase by Defendant of the golf bag dual system straps at issue in this litigation.

2. Produce true and correct copies of all correspondence, documentation, payment records, e-mail or electronic messages etc. in the possession of or under the control of Defendant regarding the mark-down or offset taken by Defendant that is the subject of this litigation.

3. Produce true and correct copies of all documents (including but not limited to e-mail or electronic messages) identified by the Defendant in response to Interrogatory 5, above.

4. Produce true and correct copies of all documents (including but not limited to e-mail or electronic messages) pertaining to, setting forth, or communicating with the Plaintiffs regarding any defect(s) which Defendant alleges existed in the golf bag dual system straps.

5. Produce true and correct copies of all documents (including but not limited to e-mail or electronic messages) which Defendant contends demonstrate that Plaintiffs agreed to the mark-down or offset taken against Plaintiffs for the golf bag dual system straps.

5

6. Produce true and correct copies of all files, documents, agreements, e-mail or electronic messages, contracts, or other written or electronic materials in the possession or control of the Defendant regarding Plaintiffs for the period of January 1, 1998 to the present

7. Produce true and correct copies of any contracts, documents, e-mail or electronic messages, manuals, or other written or electronic materials that Defendant contends give it authority to take a mark-down or offset such as that taken in this litigation or which Defendant contends gives notice to Plaintiffs that Defendant may or will take such a mark-down or offset.

8. Produce true and correct copies of each and every complaint, protest, e-mail or electronic message, Summons and Complaint, or other documents received by Defendant from any vendor who objected to or who has initiated litigation against Defendant as a result of a mark-down or offset within the past three (3) years.

9. Produce true and correct copies of each and every document (including but not limited to e-mail or electronic messages) upon which Defendant relies for any denial or defense asserted in its Answer to the Complaint of the Plaintiffs herein.

Dated this 12th day of January, 2000.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

Lee A. Magnuson
R. Alan Peterson
Attorneys for Plaintiffs
141 North Main Avenue – 8th Floor
P.O. Box 1920
Sioux Falls SD 57101-3020
(605) 332-5999

6