UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FEB 1 6 2000

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| HIGHLANDER GOLF, INC., And SUN MOUNTAIN SPORTS, INC., Plaintiffs, vs. WAL-MART STORES, INC., d/b/a SAM'S CLUB, Defendant. | * * * * * * * * * * * * * | CIV NO. 00-4024  BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant Wal-Mart Stores, Inc. d/b/a Sam's Club has filed a Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), and files the following Brief in Support.

## I. BACKGROUND

In their complaint, the Plaintiffs assert causes of action for breach of contract, unjust enrichment, and fraud, all related to Defendant's action in taking a credit against an amount allegedly owed to Plaintiffs for merchandise sold to Defendant in the Fall of 1998.

At the time of the events allegedly giving rise to Plaintiffs' causes of action, the parties were doing business pursuant to a written agreement called a Vendor Agreement dated August 12, 1998. A true and correct copy of this agreement is attached to Defendant's Motion to Dismiss as Exhibit "A". The agreement between the parties

contains a Forum Selection Clause, which requires that this action be brought in Arkansas:

> THE PARTIES AGREE THAT THE EXCLUSIVE JURISDICTION OF ANY DISPUTE ARISING IN CONNECTION WITH THIS AGREEMENT OR ANY DISPUTE RELATING TO THE SERVICES OR GOODS PROVIDED HEREUNDER SHALL BE IN THE STATE AND FEDERAL COURTS OF THE COUNTIES OF BENTON OR WASHINGTON, STATE OF ARKANSAS.

Exhibit "A", p. 3.

## II. ARGUMENTS AND AUTHORITIES

Under federal law, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)). "They are enforceable unless they would actually deprive the opposing party of his fair day in court." *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991)). It is the plaintiff's burden, as the party resisting enforcement of the forum-selection clause, to demonstrate that enforcement would be unreasonable under the circumstances. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972).

"The fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable." *M.B. Restaurants*, 183 F.3d at 753. "Furthermore, inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." *Id.* In

*M.B. Restaurants*, the Eighth Circuit affirmed the decision of this Court, under similar circumstances, dismissing the plaintiffs' action for improper venue.

South Dakota law is virtually identical to the federal law on enforceability of forum selection clauses. "[W]hen the parties to a contract agree that actions arising from that contract will be brought in a particular jurisdiction, that agreement should be given effect unless it is shown that to do so would be unfair or unreasonable." *Green v. Clinic Masters, Inc.*, 272 N.W.2d 813, 815 (S.D. 1978). The *Green* Court decided to enforce the parties' agreement as to forum even though the forum selection clause was contained in a form contract prepared by the defendant. *Id.* at 815-16. The court also held that convenience of witnesses and accessibility of records were "not sufficient reasons to allow parties to a contract to disavow their promises." *Id.* at 816.

The Supreme Court of South Dakota has indicated that there are four factors to consider in determining the reasonableness of forum selection clauses: "(1) the law which governs the formation and construction of the contract; (2) the residency of the parties [to the contract]; (3) the place of execution and/or performance of the contract; and (4) the location of the parties and witnesses involved in the litigation." *Baldwin v. Heinold Commodities, Inc.*, 363 N.W.2d 191, 194 (S.D. 1985).

In this case, the *Baldwin* factors weigh in favor of enforcement of the forum selection clause. The contract is governed by Arkansas law pursuant to a choice of law provision in the contract. Exhibit "A", p. 3. The parties to the contract were corporations headquartered in Bentonville, Arkansas and Sioux Falls, South Dakota. Exhibit "A". Pursuant to the contract, Wal-Mart/Sam's Club issued purchase orders from its headquarters in Arkansas, and Highlander Golf shipped merchandise from

South Dakota.  Exhibit "B", ¶ 3.  Plaintiff's witnesses may be located in South Dakota

or Montana.  However, the key witnesses for Wal-Mart live and work in Arkansas.

Exhibit "B", ¶ 3.  Under these circumstances, Plaintiff cannot establish that the forum

selection clause in question is unfair or unreasonable.

### III.  CONCLUSION

The Forum Selection Clause to which the parties agreed should be enforced, and

*Plaintiffs' action should be dismissed for improper venue.*

**WHEREFORE**, Defendant Wal-Mart Stores, Inc. respectfully requests that this

action be dismissed for improper venue.

Dated at Sioux Falls, South Dakota, this _18th_ day of February, 2000.

DAVENPORT, EVANS, HURWITZ &
SMITH, L.L.P.


Cheryle Wiedmeier Gering
513 South Main Avenue
P.O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Fax No.:   (605) 335-3639

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that a true and correct copy of the foregoing "Brief in Support of Defendant's Motion to Dismiss for Improper Venue" was served by mail upon:

> Lee A. Magnuson
> R. Alan Peterson
> Lynn, Jackson, Shultz & Lebrun, P.C.
> 141 North Main Avenue, 8th Floor
> PO Box 1920
> Sioux Falls, SD  57101-3020
>   Attorneys for Plaintiff

on this _18th_ day of February, 2000.

PCDocs #74599