**FILED**

UNITED STATES DISTRICT COURT

**MAR 2 9 2000**

DISTRICT OF SOUTH DAKOTA

CLERK

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

CIV. 00-4024

| | |
|---|---|
| HIGHLANDER GOLF, INC. and SUN MOUNTAIN SPORTS, INC., | : |
| | DEFENDANT WAL-MART STORES, INC. |
| | :    d/b/a SAM'S CLUB'S 1.) REPLY TO |
| Plaintiffs, |    PLAINTIFFS' RESISTANCE TO MOTION |
| | :     TO DISMISS FOR IMPROPER VENUE, |
| |    2.) RESPONSE TO PLAINTIFFS' MOTION |
| vs. | :   TO TRANSFER MATTER TO ARKANSAS |
| |    FEDERAL COURT, AND 3.) OPPOSITION |
| WAL-MART STORES, INC. d/b/a SAM'S | :   TO PLAINTIFFS' MOTION FOR LIMITED |
| CLUB, |    DISCOVERY ON FORUM SELECTION |
| Defendant. | :              ISSUE |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Now comes the Defendant Wal-Mart Stores, Inc., d/b/a Sam's Club ("Sam's Club")

and makes the following: 1.) Reply to Plaintiffs' resistance to Sam's Club's Motion to

Dismiss for Improper Venue; 2.) Response to Plaintiffs' Alternative Motion for Transfer

of Matter to Arkansas Federal District Court, and 3.) Opposition to Plaintiffs' Motion for

Limited Discovery

## 1.)  REPLY TO PLAINTIFFS' RESISTANCE TO MOTION TO DISMISS

Plaintiff ("Highlander Golf ") has submitted resistance to Sam's Club's Motion to

Dismiss for Improper Venue for three reasons.   These include: (1) the forum selection

*clause was imposed after the parties entered a contract that forms the basis of the*

- 2 -

controversy; (2) that the clause is unconscionable and enforceable as it was procured by fraud; and (3) that if the clause is enforceable, the proper remedy is not dismissal, but rather transfer of the matter to a court of proper jurisdiction.  Plaintiffs have also asked for limited discovery on the issue of the forum selection clause issue.  Sam's Club's response to each of these matters in turn:

### A.  The Contract in Question Is the Vendor Agreement Date August 12,1998

In their resistance, Highlander Golf contends that the forum selection clause in question was imposed <u>after</u> Highlander Golf entered into a contract with Sam's Club for the purchase of golf straps on or about March/April, 1998.  Highlander Golf's  Complaint purports to seek redress for an alleged breach of contract based on Sam's Club's failure to pay for dual straps that were delivered to Sam's Club in the Spring of 1998.  However, the facts indicate that this contract was not the contract that was allegedly breached by Sam's Club.  To the contrary: Highlander Golf has admitted in their resistance Brief at page 2 that "the Defendant paid in full for the straps in May and June of that year".  Also, Highlander Golf's President, William R. Madson, in his Affidavit at paragraph 5 on page 2 states that "Sam's Club paid for the straps in full between May 11 and May 18, 1998".  Consequently, and by Plaintiffs' own admission, there was no breach of that contract.  The golf straps were delivered as requested and were paid for in full.

This lawsuit and its controversy surrounds a contract between Sam's Club and Highlander Golf for the purchase of golf bags on or about August/September 1998.  In

- 3 -

this transaction, Highlander Golf contends that they were not paid in full for the bags and that Sam's Club allegedly took an unauthorized offset against the purchase price of the golf bags citing poor sales of the previously purchased golf straps.  Regardless of the reason for the alleged offset, the transaction and alleged breach surrounds the August 1998 transaction under the Vendor Agreement that was signed by Highlander Golf's CFO, Brad Whitsell, on August 12, 1998.  (See Exhibit A attached to Defendant's Motion to Dismiss for Improper Venue).

It is under the August 12, 1998 Vendor Agreement that the parties agreed to the "forum selection clause" to resolve disputes or controversies that arise by virtue of their agreement.  The terms of this contract, including the forum selection cause, are enforceable, are not unreasonable, and are not unfair.  A forum selection clause is prima facia valid unless it is unjust or unreasonable, or invalid for fraud or overreaching.  M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F. 3d 750, 752 (8th Cir. 1999).  The fact that a contract is a form contract does not render a forum selection clause per se unenforceable.  M.B Restaurants, Inc., 183 F. 3d at 752.  A forum selection clause will be upheld unless it deprives the opposing party of their day in court.  Id.  This type of vendor agreement between the parties is nothing new.  This forum selection clause was something that Highlander Golf had agreed to in their previous dealings with Sam's Club.  (See discussion at 1B. Infra)

- 4 -

B. The Forum Selection Clause was not Procured by Fraud.

.        Highlander Golf alleges that Sam's Club procured the forum selection clause by fraud.  There is simply no evidence to indicate that the forum selection clause was procured by fraud.  As noted in M.B. Restaurants, a Court will uphold a forum selection clause despite allegations that the contract was procured by fraud.  183 F.3d at 752. Highlander Golf contends that the contract was procured for fraudulent purposes. However, that does not necessarily make the procurement of the forum selection clause fraudulent.

The Plaintiffs have stated in their Complaint that Sam's Club entered into a contract with them for the purchase of golf bags with the sole intention of taking an offset against the purchase price based on poor sales of the golf straps purchased from Highlander Golf earlier that year.  Highlander Golf contends that since Sam's Club owed no money to Highlander Golf, this contract was the only vehicle against  which a debt could be created and a subsequent offset be taken.  Highlander Golf alleges that this constituted a fraud against them and as such, the forum selection clause is fraudulent as well.  These arguments go to Highlander Golf's position on the merits of the case and do not state with particularity any acts of fraud in procuring the forum selection clause.

In addition, Highlander Golf contends that because the "Specimen" (sample contract) attached to Sam's Vendor Information Manual was not the same as the one signed by CFO Brad Whitsell that it is rendered unenforceable.  Highlander Golf also

- 5 -

contends that since it had no such contract before (see Highlander Golf's Brief in

Resistance, page 5) it should not be enforced.  In its resistance Brief, Highlander Golf

contends that, to the best of its knowledge, Highlander Golf had never entered into such a

contract previously and a search of their records revealed no similar clauses.  The fact is

that Highlander Golf agreed to an identical forum selection clause when it entered into  a

Vendor Agreement with Sam's Club in 1994.  (See attached Exhibit A-1, Vendor

Agreement signed by Highlander Golf President, Bill Madson.)  This prior Vendor

Agreement contains the same forum selection clause found in the August 12, 1998

Vendor Agreement.  (See p. 2 of Exhibit A1).  This type of agreement is nothing new for

Highlander Golf.

The allegations of fraud are severe allegations and the contentions made by

Highlander Golf in its Affidavits and resistance address their position on the merits of this

case and do not address or support their claim that Sam's Club procured the forum

selection clause by any fraud.  There is no evidence to support Highlander Golf's claim

that the forum selection clause was procured by fraud.  The fact that Mr. Madson cannot

find the August 12, 1998 contract in his records is irrelevant to the issue of fraud.  The

fact is that the Vender Agreement of August 12, 1998 was signed by Highlander Golf's

CFO Brad Whitsell.   Moreover, Highlander Golf had been involved in and entered into

similar contracts with Sam's Club in the past.

- 6 -

## 2.)     RESPONSE TO PLAINTIFFS' MOTION TO TRANSFER MATTER.

Plaintiffs contend that if the forum selection clause is enforceable, then the Court

should transfer this matter to a court of proper jurisdiction.

The forum selection clause requires this action be brought in Arkansas:

> "The parties agree that the exclusive jurisdiction of any
> dispute arising in connection with this Agreement or any
> dispute relating to the services or goods provided hereunder
> shall be in the state and federal courts of the counties of
> Benton or Washington, State of Arkansas."

*See* Exhibit A attached to Defendant's Motion to Dismiss, page 3.

28 U.S.C. § 1404(a) governs the court's ability to transfer a case to another district.

Transfer determinations require a case by case evaluation of the circumstances and facts

at hand.  Terra Int'l., Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

A transfer is within the court's discretion and the forum selection clause is a "significant

factor" that figures centrally in the district court's decision.  *Id*. at 697.

Sam's Club contends that the appropriate forum for this matter is in the state or

federal courts of Arkansas.  The Plaintiffs should be required to commence their action in

the proper court of Arkansas under the terms of the forum selection provision.


## 3.)     SAM'S CLUB'S OBJECTION TO PLAINTIFFS' MOTION FOR
## LIMITED DISCOVERY ON THE FORUM CLAUSE.

In this case, there are enough facts established regarding the forum selection clause

through the pleadings and affidavits that it is not necessary for additional discovery.

- 7 -

Highlander Golf has failed to state with particularity their need for this limited discovery.

Highlander Golf has also failed to provide any authority that would allow discovery to go

forward on this particular issue.  Discovery would only serve to address the merits of this

case and does not go to the issue of the forum selection clause in the contract between the

parties.  This forum clause is established in Sam's Club's standard Vendor Agreements.

Highlander Golf in contracting with Sam's Club has been subject to this forum clause in

the past.  Consequently the terms of this clause should be enforced by this Court.

Sam's Club requests, however, that if this Motion is granted, that they be allowed

the opportunity to depose Highlander Golf's President Bill Madson, CFO Brad Whitsell,

and Keith Halgerson.

Dated this 29th day of March, 2000.

WOODS, FULLER, SHULTZ & SMITH P.C.

By _____
Ms. Kristine L. Kreiter
300 South Phillips Avenue, Suite 300
Post Office Box 5027
Sioux Falls, SD 57117-5027

And

WAL-MART STORES, INC.
Mr. Todd Guthrie
702 S.W. 8th Street
Bentonville, AR 72716-4505

Attorneys for Defendant

- 8 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of March, 2000, I sent to

Mr. Lee Magnuson and R. Alan Peterson of Lynn, Jackson, Shultz & Lebrun, PO Box

1920, Sioux Falls, SD 57101, Attorneys for Plaintiffs, by United States mail, first class

postage prepaid, a true and correct copy of the foregoing Defendant Wal-mart Stores, Inc.

d/b/a Sam's Club's Reply to Plaintiffs' Resistance to Motion to Dismiss for Improper

Venue,  Opposition to Plaintiffs' Motion for Limited Discovery on Forum Selection Issue

and Response to Plaintiffs' Motion to Transfer Matter to Arkansas Federal Court.

One of the Attorneys for Defendant