UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HIGHLANDER GOLF, INC. and SUN MOUNTAIN SPORTS, INC., | * * * * | CIV. 00-4024 |
| Plaintiffs, | * * | |
| - vs - | * * | MEMORANDUM OPINION AND ORDER |
| WAL-MART STORES, INC. d/b/a SAM'S CLUB, | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Wal-Mart Stores, Inc. d/b/a Sam's Club ("Defendant") filed a Motion to Dismiss for Improper Venue. Plaintiffs Highlander Golf, Inc. and Sun Mountain Sports, Inc., opposed the motion and filed a Motion for Limited Discovery on Forum Selection Issue and an Alternative Motion to Transfer the Matter to the Arkansas Federal District Court.

### BACKGROUND

Plaintiffs commenced this action in state court in South Dakota on January 13, 2000. Defendant filed a Notice of Removal on February 14, 2000, based on diversity jurisdiction under 28 U.S.C. § 1332. The facts of the case are drawn from Plaintiffs' Complaint, the motion papers, and assertions made by counsel at oral argument.

Highlander Golf, Inc. ("Highlander") sells golf related equipment. Highlander was previously a division of Sun Mountain Sports, Inc. ("Sun Mountain") which operated in South Dakota. In September 1999 Highlander purchased certain accounts receivable from Sun Mountain, including the account receivable allegedly due from Defendant.

According to Plaintiffs, in about March and April 1998, Sun Mountain received purchase orders from Defendant for golf bag dual strap systems. (Compl. ¶ 5; Pl. Opp. at 2.) Defendant allegedly ordered 57,984 of these dual strap systems for a total of $866,860.80. (Compl. ¶ 5.) Sun Mountain delivered the goods to Defendant and Defendant paid the full contract price for these goods in May or June 1998. (Compl. ¶¶ 6 & 7; Pl. Opp. at 2; Affidavit of William R. Madson ("Madson Aff.") ¶ 5.) According to Plaintiffs, in the summer of 1998 Defendant became concerned with the sales of the dual strap system and brought their concerns to the Plaintiffs. Plaintiffs did not agree to any concessions. (Pl. Opp. at 2.)

In the fall of 1998, Defendant ordered approximately $850,000 worth of golf bags from Sun Mountain. (Compl. ¶ 8; Pl. Opp. at 2; Madson Aff. ¶ 12.) Plaintiffs claim that these golf bags were delivered to Defendant but that Defendant took a "mark down or set off of $303,231.00 against its previous payment to Sun Mountain for the [dual strap systems it had previously purchased]." (Compl. ¶ 8.) Plaintiffs claim Sun Mountain did not consent to such a set off.

Defendant claims that at the time Defendant purchased the golf bags the parties were operating under a written Vendor Agreement dated August 12, 1998 ("Vendor Agreement"). (Pl. Mem. at 1; Pl. Motion, Ex. A.) That agreement contains a forum selection clause which states:

> THIS AGREEMENT AND ALL DISPUTES ARISING HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ARKANSAS. THE PARTIES AGREE THAT THE EXCLUSIVE JURISDICTION OF ANY DISPUTE ARISING IN CONNECTION WITH THIS AGREEMENT OR ANY DISPUTE RELATING TO THE SERVICES OR GOODS PROVIDED HEREUNDER SHALL BE IN THE STATE AND FEDERAL COURTS OF THE COUNTIES OF BENTON OR WASHINGTON, STATE OF ARKANSAS.

(Pl. Motion, Ex. A. at 3.)

The Vendor Agreement is signed by the CFO of Highlander at that time, Brad Whitsell. (Def. Motion, Ex. A at 4; Madson Aff. ¶ 9.) The Vendor Agreement is not executed by Defendant

and Plaintiffs claim they do not have a copy of such agreement in their files. Plaintiffs also claim that Defendant sent a sample Vendor Agreement contained in a "SAM'S Vendor Information Manual" which was received only a day before the August 12, 1998 Vendor Agreement was received and executed by Plaintiffs.

In addition, Defendant attached to its Reply a 1994 Vendor Agreement containing a forum selection clause which is virtually identical to the forum selection clause in the 1998 Vendor Agreement.

## DISCUSSION

A.   Validity and Applicability of the Vendor Agreement

Plaintiffs argue that the Vendor Agreement is not applicable because Defendant did not execute the agreement and because the Vendor Agreement was not in effect at the time of the sale of the dual strap systems upon which the Complaint is based. However, an examination of contract law from several states in the Eighth Circuit, including South Dakota and Arkansas, indicates that the Vendor Agreement is likely to be valid.[1]

First, the Vendor Agreement is applicable. Plaintiffs appear to admit that the Vendor Agreement, if applicable, covered the sale of the golf bags. However, Plaintiffs argue, and the

---

[1] According to the Second Restatement of Conflict of Laws, the validity of a contract is determined by the law selected by the parties. See Restatement (Second) of Conflict of Laws § 200 cmt. b (1969). In addition, it is the law in South Dakota that a contract is "'construed in accordance with the law of the place where made unless it is shown that it was the intention of the parties to be bound by the law of some other place.'" Green v. Clinic Masters, Inc., 272 N.W.2d 813, 816 (S.D. 1978) (citation omitted). As noted above, the Vendor Agreement includes a choice of law provision stating that Arkansas law will govern the contract. Therefore, it would seem that the Court's analysis should rely on Arkansas law. However, the parties fail to address the choice of law issue in their discussion of the applicability of the forum selection clause and instead, rely solely on law from South Dakota and the Eighth Circuit. As a result, the Court will also rely on law from South Dakota and the Eighth Circuit. Moreover, there does not appear to be a significant difference between the law of South Dakota and Arkansas on these issues.

3

language of the Complaint indicates, that their claims are based on the first contract for the sale of the dual strap systems which was not governed by the Vendor Agreement. Plaintiffs, however, admit in their Complaint, motion papers and accompanying affidavit, that Defendant performed fully under the contract for the dual strap systems. It is hornbook law that when "a duty is fully performed, it is discharged." Farnsworth, Contracts § 8.8 (2nd ed. 1990). Thus, Plaintiffs could not sue Defendant for breach of the first contract. Since Defendant has only moved to dismiss for improper venue, the Court cannot dismiss Plaintiffs' claims on the merits. However, as argued by Defendant, the facts as stated actually allege a breach of the second contract for the sale of the golf bags which may be governed by the Vendor Agreement. Plaintiffs cannot escape the forum selection clause by artful pleading. See Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 695 (8th Cir. 1997) (holding plaintiff could not escape forum selection clause by alleging fraud claims which "involve[d] the same operative facts as would a parallel claim for breach of contract"). Thus, the Court will construe the Complaint in accordance with the facts alleged to state claims for breach of the second contract and therefore finds the Vendor Agreement to be applicable to Plaintiffs' claims.[2]

The Vendor Agreement is also valid. Iowa and Arkansas courts have held that absent a requirement that the contract be signed or an agreement between the parties that the contract will not be binding until it is signed, a contract is valid if signed by one of the parties and accepted by the other. See Fields Engineering & Equipment, Inc. v. Cargill, Inc., 651 F.2d 589, 592 (8th Cir. 1981); Service Employees Int'l Local No. 55 v. Cedar Rapids Community School Dist., 222 N.W.2d 403, 407 (Iowa 1974); Southern Wooden Box v. Ozark Hardwood Mnf'g Co., 294 S.W.2d 761, 763 (Ark. 1956). It is the "manifestation of mutual expressions of assent" that is essential. Service Employees, 222 N.W.2d at 407. Similarly, the Supreme Court of South Dakota has found that a contract is valid

---

[2] In addition, the Court notes, without deciding, that the sale of the dual straps may have been covered by the forum selection clause in the 1994 Vendor Agreement. At oral argument, Defendant claimed that it operated under the belief that a vendor agreement remained in effect until revoked or superceded by another vendor agreement. As a result, Defendant argues that the sale of the dual strap systems was covered by the 1994 forum selection clause. Plaintiffs argue, however, that the 1994 Vendor Agreement could not have remained in effect because the parties had no dealings between 1994 and 1997.

4

if "executed and delivered by one of them only, but accepted, retained, and acted upon by the other." Reed v. Coughran, 111 N.W. 559, 560 (S.D. 1907).

The Vendor Agreement meets these requirements. Plaintiffs admit that it was signed by the CFO of Highlander at the time, Brad Whitsell. Since the Vendor Agreement was put forth by Defendant, it is reasonable to find that the Agreement was delivered, accepted and retained by Defendant. In addition, the actions of the parties following the signing of this agreement shows their mutual assent to it: after the agreement was signed Defendant placed orders for the golf bags and Highlander delivered the bags. Therefore, the Vendor Agreement is a valid contract.

B.  Enforceability of the Vendor Agreement

The forum selection clause is also valid and enforceable. "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999); see also Green v. Clinic Masters, Inc., 272 N.W.2d 813, 815 (S.D. 1978) (holding that forum selection clauses are enforceable unless unreasonable); Nelms v. Morgan Portable Bld'g Corp., 808 S.W.2d 314, 316-18 (Ark. 1991) (holding forum selection clause enforceable unless unreasonable or unfair and applying "minimum contacts" test to determine reasonableness).[3] The South Dakota Supreme Court has relied on a four-factor test to determine the reasonableness of a forum selection clause: "(1) the law which governs the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and/or performance of the contract; and (4) the location of the parties and witnesses involved in the litigation." Baldwin v. Heinhold Commodities, Inc., 363 N.W.2d 191, 194 (S.D. 1985).

---

[3] As noted above, the Vendor Agreement states that the contract is governed by Arkansas law. The Eighth Circuit has not yet determined whether the enforcement of a forum selection clause is a procedural or substantive question. See M.B. Restaurants, 183 F.3d at 752 n.4. Thus, it is not clear if South Dakota or Arkansas law should be relied on. As noted above, the law in the two states does not differ greatly. However, each party has relied entirely on South Dakota and Eighth Circuit law. As a result, so does this Court. Id.

5

In Baldwin, the court found that a forum selection clause giving jurisdiction to Illinois courts was reasonable because, while the plaintiff lived in South Dakota, the contract was governed by Illinois law, the defendant's principal place of business was in Illinois, the contract was performed in Illinois and most of the witnesses were in Illinois. Id. at 914-95. Though the case at hand does not present a similarly clear cut set of facts, these four factors on the balance weigh in favor of Defendant. Pursuant to the parties' choice of law clause, the contract is governed by Arkansas law. Highlander resides in South Dakota and Defendant in Arkansas. The contract was to be performed in both these states, with Defendant issuing purchase orders from Arkansas and Highlander shipping the goods from South Dakota. Many of the key witnesses appear to live and work in the parties' respective states. Thus, on balance, Arkansas is just as reasonable a forum as South Dakota. Further, the Plaintiffs do not appear to dispute this and in fact admit that the case may properly be transferred to Arkansas through their alternative motion for transfer. Therefore, the forum selection clause is reasonable. Were it not for the forum selection clause, however, the litigation would remain where it is.

Plaintiffs still claim, however, that the clause is unconscionable and fraudulent. Plaintiffs claim that the clause is unconscionable because Highlander was provided with a sample contract in a "SAM'S Vendor Information Manual" only one day before the Vendor Agreement was signed by Highlander. Plaintiffs note various differences in the appearance of the sample contract as compared to the executed contract. For example, Plaintiffs argue that parts of the sample are illegible, that the length of the two contracts differs, and that the signature lines in the sample appear directly under the forum selection clause while the signature lines appear on the page following the forum selection clause in the executed Vendor Agreement. Plaintiffs also claim that Highlander had never entered into a similar contract and imply that Highlander was forced into signing the contract because it was told by Defendant that it must be executed to complete the deal Plaintiffs claim was already in place.

Even if these allegations are true it does not make the forum selection clause unconscionable. The forum selection clause in the sample may not be as clear as it is in the Vendor Agreement but it is not illegible. The other differences in the appearance of the contracts complained of by

6

Defendant are obvious enough that Highlander might have noticed them before signing the Vendor Agreement. Further, the fact that the forum selection clause is on the page before the signature lines is also of no consequence. Highlander is a corporation that has done business before and is responsible for and "capable of understanding and intending the agreements" it makes. See Green, 272 N.W.2d at 816. Further, Plaintiffs have not alleged that there was no opportunity for negotiating the provisions of the agreement, that they might not have taken more time before signing the agreement or that there was any disparity in the bargaining power between the parties. In addition, Defendant has produced a Vendor Agreement from 1994 which appears to have been signed by Highlander's former President Bill Madson and which contains a very similar forum selection clause. Therefore, Plaintiffs have not shown that the forum selection clause is unconscionable.

Plaintiffs also claim that the clause should not be enforced because it was procured by fraud. Fraud, however, must be plead with particularity, and Plaintiffs must allege that the forum selection clause itself was procured by fraud. See M.B. Restaurants, 183 F.3d at 752; see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991) (noting that there was no evidence that plaintiffs' "accession to the forum selection clause" was procured by defendant's fraud). Plaintiffs have not satisfied this standard. Their claims go to the role they assert the Vendor Agreement played in Defendant's alleged fraudulent scheme and do not plead nor show the fraudulent procurement of the forum selection clause in particular. As a result, the forum selection clause will not be invalidated on the basis of fraud.

C.  Motion to Transfer

Defendant asks that the Court enforce the forum selection clause by dismissing Plaintiffs' claims. However, Plaintiffs have moved in the alternative to transfer the case to Arkansas. The Court's ability to transfer the case to Arkansas is governed by 28 U.S.C. § 1404(a) which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1993); see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 32, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (holding "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's

decision whether to give effect to the parties' forum selection clause and transfer this case"). Before deciding if the case should be transferred under section 1404, a court "first must decide whether the clause applies to the type of claims asserted in the lawsuit." Terra International, 119 F.3d at 692. Plaintiffs are suing for breach of contract, unjust enrichment and fraud. All of Plaintiffs' claims fall within the forum selection clause. Plaintiffs' argument that the forum selection clause does not apply to their claims is based solely on the assertion that the Vendor Agreement did not govern the transaction which they claim is the basis of their claims. However, Plaintiffs never argue that any of their claims would fall outside the scope of the forum selection clause if the forum selection clause was applicable.[4] Further, in moving for a transfer of this case to Arkansas, the Plaintiffs have not argued that only some of their claims should be transferred but have asked that all claims be transferred. As a result, the Court will assume, for purpose of transfer, that all Plaintiffs' claims are subject to the forum selection clause.

Mirroring the statutory language of section 1404, the Eighth Circuit has noted three factors courts must consider in deciding whether to transfer a case: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra International, 119 F.3d at 691. A court's examination, however, is not limited to these factors and a determination must be made on a case-by-case basis. Id. (citations omitted). Further, a "valid and applicable forum selection clause" is properly considered a "'significant factor that figures centrally'" in the court's decision. Id. quoting Stewart, 487 U.S. at 29, 108 S.Ct. at 2244.

Neither party has put forth any arguments or facts that would allow this Court to properly weigh the factors for transfer set forth by the Eighth Circuit. The only fact in evidence, the valid and enforceable forum selection clause, weighs in favor of transfer. Further, Plaintiffs, whose choice of forum is generally given some deference, see Terra International, 119 F.3d at 695, have moved for

---

[4] And if they did the argument would fail. The fraud claim is a tort claim. However, the fraud claim does "'ultimately depend on the existence of the contractual relationship' between the parties," so that claim is also covered by the forum selection clause. Terra International, 119 F.3d at 694 (citations omitted).

the transfer. At oral argument, Defendant took no position on the motion to transfer. In its motion papers Defendant, while arguing that Plaintiffs should be required to "commence" their action in the proper court in Arkansas, also recognized the Court's discretion to transfer the case. Indeed, Defendant moved to dismiss under 28 U.S.C. §1406(a) which allows the district court to dismiss a case for improper venue "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Therefore, the Court finds that it is appropriate to transfer the case to a Federal District Court in Arkansas in accordance with the forum selection clause.

D. Motion for Limited Discovery

Plaintiffs also filed a motion seeking limited discovery on the issue of the enforceability of the forum selection clause. Plaintiffs suggest that the discovery would consist of a deposition of Defendant's buyer, Gary Fratto. Defendant opposes the motion and seeks its own discovery if the motion is granted.

It appears to the Court that it has all the facts necessary to determine the enforceability of the forum selection clause. Plaintiffs have not shown why more discovery is necessary on this issue. Moreover, Plaintiffs have cited Gary Fratto as a participant in the general fraud it alleges. Mr. Fratto has not been mentioned in connection with the negotiation of the Vendor Agreement or the forum selection clause. Therefore, a deposition of Mr. Fratto might only serve as discovery for Plaintiffs case in general. Accordingly,

IT IS ORDERED:

(1) That Defendant's Motion to Dismiss for Improper Venue is denied;

(2) That Plaintiffs' Motion for Limited Discovery on Forum Selection Issue is denied;

(3) That Plaintiffs' Alternative Motion to Transfer the Matter to the Arkansas Federal District Court is granted; and

(4) That this action should be transferred in accordance with the forum selection clause to the Fayetteville Division of the Federal District Court in the Western District of

9

Arkansas which covers Benton and Washington counties.

Dated this 27th day of September, 2000.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY *[signature]*
(SEAL)   DEPUTY